IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Widman's Candy Co., a Minnesota corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| Jacqueline Knutson, individually and d/b/a Café Chocolat; and Freedom Enterprises, Inc., | ) ) ) ) | **ORDER ON MOTIONS FOR BILL OF COSTS** |
| Defendants and Third-Party Plaintiffs, | ) ) ) | Civil No. 3:07-cv-13 |
| vs. | ) ) | |
| Martin Riske and MJR Candy Shop, Inc., | ) ) | |
| Third-Party Defendants and Fourth-Party Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| James L. Peters, | ) ) | |
| Fourth-Party Defendant. | ) | |

Before the Court are a Stipulated Bill of Costs (Doc. #73) and a Controverted Bill of Costs (Doc. #72) filed by Third-Party Defendants Martin Riske and MJR Candy Shop, Inc. (collectively "MJR"). MJR seeks to have certain costs taxed to the judgment disposing of the claims of Third-Party Plaintiffs Jacqueline Knutson and Freedom Enterprises, Inc. (collectively "Freedom Enterprises"). The parties have stipulated to taxation of service fees in the amount of $55.00. The

1

parties disagree about whether MJR is entitled to taxation of costs in the amount of $694.50 for deposition transcript fees and $23.40 for copies. The Court will address each of these items in turn.

Rule 54(d), Fed. R. Civ. P., provides, "Unless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party." Section 1920, Title 28 U.S.C., sets forth the particular costs which a district court may tax to a judgment, including fees of the clerk and marshal, fees of the court reporter, fees and disbursements for printing and witnesses, fees for copies of necessary papers, docket fees, and compensation of court-appointed experts and interpreters. 168th and Dodge, LP v. Rave Reviews Cinemas, LLC, 501 F.3d 945, 957 (8th Cir. 2007). Although Fed. R. Civ. P. 54(d) generally presumes an award of costs to the prevailing party, the district court has substantial discretion in awarding costs. Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 762 (8th Cir. 2006). The bill of costs proposed by the prevailing party should always be given careful scrutiny. Koppinger v. Cullen-Schlitz & Assocs., 513 F.2d 901, 911 (8th Cir. 1975).

### I. Service Fees

As to the Stipulated Bill of Costs, the Court finds that taxation of costs in the amount of $55.00 for service fees is appropriate. Therefore, the Stipulated Bill of Costs is hereby **ADOPTED**, and MJR is awarded $55.00 for service fees.

### II. Deposition Transcript Fees

MJR seeks to recover the deposition transcript fees incurred to obtain the depositions of Carol Widman Kennedy, the owner of Plaintiff Widman's Candy Co. ("Widman's"), and Jacqueline Knutson. Freedom Enterprises opposes these costs, arguing that the depositions relate only to the

main claims in this action asserted by Widman's, and that the depositions were not relied upon by the Court in deciding the summary judgment motions on the third-party claims.

Section 1920, Title 28 U.S.C., provides that the district court may tax as costs "[f]ees of the court reporters for all or any part of the stenographic transcript necessarily obtained for use in the case." The Eighth Circuit has held that a district court may tax transcription costs if a deposition "was necessarily obtained for use in a case and was not purely investigative." Marmo, 457 F.3d at 762 (quotations omitted); see also Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 363 (8th Cir. 1997). The determination of necessity must be made in light of the facts known at the time the deposition was taken, without regard for intervening developments which later render the deposition unneeded for further use. Zotos, 121 F.3d at 363.

Applying the foregoing principles, the Court concludes the depositions of Carol Widman Kennedy and Jacqueline Knutson were necessarily obtained for use in this case. Freedom Enterprises attempts to distinguish the third-party claims from the underlying intellectual property claims asserted by Widman's in this matter, essentially arguing that the Court should view the third-party claims in a vacuum. However, the Court finds that all the claims were inextricably intertwined, such that a basic understanding of the main claims was necessary to properly understand and dispose of the third-party claims.

Indeed, Freedom Enterprises submitted only one statement of material fact and one affidavit with exhibits in support of the separate motions for summary judgment it filed against Widman's and MJR (Docs. #48, #49). Freedom Enterprises' statement of material fact cited extensively from both the Widman Kennedy and Knutson depositions, and the supporting affidavit included the Widman Kennedy deposition as Exhibit A and the Knutson deposition as Exhibit L. MJR's

statement of material fact also cited to Widman Kennedy deposition (Doc. #55). Furthermore, Freedom Enterprises specifically relied on portions of the Knutson deposition in its memorandum supporting the motion for summary judgment against MJR, including a discussion of the representations which Riske made to Knutson during the closing on the sale of the business.

The Court carefully reviewed both depositions in connection with ruling on the summary judgment motions asserted by Freedom Enterprises and MJR, and the Memorandum Opinion and Order on Cross-Motions for Summary Judgment contains extensive information about the background of the entire case, in particular the chain of sale of the candy-making business at issue, taken from these depositions (Doc. #69). Because the parties and the Court all relied on information from the Widman Kennedy and Knutson depositions, the Court has no difficulty in concluding that both depositions were necessarily obtained for use in this case. The Motion for Bill of Costs as to deposition transcript fees is hereby **GRANTED**, and MJR is awarded $694.50 in deposition transcript fees.

### III.  Copy Fees

MJR also seeks to recover copy fees in the amount of $23.40, which were apparently incurred to obtain a copy of Café Chocolat's insurance policy with Acuity from counsel for Freedom Enterprises. Freedom Enterprises argues that copy fees are simply not recoverable as costs.

Under 28 U.S.C. § 1920(4), the district court may award copy fees if the fees were incurred for items "necessarily obtained" for use in the case. Marmo, 457 F.3d at 763. However, it is not readily apparent to the Court why the copy of the insurance policy at issue should be considered necessary. The Court does not recall seeing the policy submitted as an exhibit or filed in the record of this case, and MJR states only that it requested a copy of the policy from Freedom Enterprises,

without providing any further information about its particular use.  Under these circumstances, the Court concludes MJR has not shown the copy fees were necessarily obtained for use in this case, and the Motion for Bill of Costs as to copy fees is hereby **DENIED**.

## **DECISION**

In accordance with the foregoing analysis, Third-Party Defendants Riske and MJR are awarded $55.00 in service fees and $694.50 in deposition transcript fees, for a total amount of $749.50 in costs.

**IT IS SO ORDERED.**

Dated this 2nd day of October, 2008.

    /s/   Ralph R. Erickson
Ralph R. Erickson, District Judge
United States District Court